UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM I. GILL,

        Plaintiff,

v.

PONTIAC POLICE OFFICERS
LOCRICCHIO AND MAIN,

        Defendants.
_____/

CIVIL ACTION NO. 04-70164

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING DEFENDANTS' MOTION
## FOR RECOMMENDATION OF DISMISSAL
## WITH PREJUDICE

On February 23, 2006, the undersigned magistrate judge entered an Order directing plaintiff's attendance and full cooperation at an independent medical exam. That Order provided that, should plaintiff fail to comply with any part of my directive, I would recommend to the district judge that the Complaint be dismissed, with prejudice.

Presently before the magistrate judge is Defendants' Motion for Dismissal of Plaintiff's Cause of Action, With Prejudice. The motion alleges that plaintiff violated my earlier Order by: (1) failing to attend an IME on March 7, 2006; and (2) failing to cooperate fully in a subsequent IME scheduled for March 23, 2006. The motion was brought on for hearing on April 27, 2006. Having reviewed the motion, together with plaintiff's response, and having had the benefit of argument, I find that the motion should be denied.

Plaintiff's failure to attend the March 7, 2006 IME was the direct result of his arrest, on March 6, 2006, by the Pontiac Police Department on an outstanding warrant for failure to pay child support. The court finds that plaintiff was unavoidably prevented from

compliance with my Order, and that sanctions for such failure are not warranted.

It is also undisputed that plaintiff did report to Dr. Jeffrey Middeldorf for an examination on March 23, 2006.  While Dr. Middeldorf's report reflects that plaintiff's participation in the examination was less than fully cooperative, the court is unable to determine whether any deficiencies in his conduct were the result of mental defect or intentional defiance of the court's Order.  In view of the fact that Dr. Middeldorf was able to perform an examination and render a report, I find that a recommendation for dismissal is not warranted.

The court notes that the instant motion is based entirely upon plaintiff's performance in connection with the Order for an IME.  Defendants' reply brief recites other alleged deficiencies in plaintiff's (or plaintiff's counsel's) conduct in the prosecution of this action.  During oral argument, defendants' attorney stated that those alleged failures are the subject of a separate motion to dismiss.  Unless, and until, such motion is referred to the undersigned magistrate judge for hearing and determination, I make no finding on the additional claims.  In the event I am required to determine whether dismissal, or other sanctions, are warranted by plaintiff's conduct unrelated to the IME, I will consider his lack of full cooperation with the examination procedure as part of the total evaluation of plaintiff's prosecution of this case.

For the reasons stated above, Defendants' Motion for Dismissal of Plaintiff's Cause of Action, With Prejudice, is in all respects denied.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: May 2, 2006

**CERTIFICATE OF SERVICE**

     I hereby certify on May 2, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 2, 2006.  **None.**

                                    s/Michael E. Lang
                                    Deputy Clerk to
                                    Magistrate Judge Donald A. Scheer
                                    (313) 234-5217