UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM I. GILL,

    Plaintiff,

v.                                     Case No. 04-70164
                                       Untied States District Judge Paul D. Borman

PONTIAC POLICE OFFICERS
LOCRICCHIO (#304) and MAIN (#310),

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO AMEND DISMISSAL WITHOUT PREJUDICE, TO DISMISSAL WITH PREJUDICE (DKT. NO. 96), AND DISMISSING CASE WITH PREJUDICE

This matter is before the Court on Defendants' Motion to Amend Dismissal Without Prejudice, to Be As With Prejudice. (Dkt. No. 96.) Plaintiff filed a response (Dkt. No. 100) and Defendants filed a reply (Dkt. No. 99.) The Court has concluded that oral argument would not assist the decisional process and accordingly will decide the matter on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f). For the reasons that follow, the Court will GRANT Defendants' motion and DISMISS the action with prejudice.

On January 16, 2004, Plaintiff filed the instant Complaint, asserting claims of excessive force based on an arrest that occurred on August 8, 2003. (Dkt. No. 1, Complaint.) As a result of a search incident to Plaintiff's arrest on August 8, 2003, which uncovered illegal narcotics, Plaintiff was subsequently charged and convicted of two counts of possession with intent to deliver narcotics, and as a habitual offender, and was incarcerated. (Dkt. No. 37, Opinion and Order 3.)

1

On September 6, 2005, an effort at settlement of the instant case was unsuccessful. (Minute Entry, 9/6/2005.) On March 30, 2006, the Court granted Defendants' motion to dismiss all of Plaintiff's claims except his excessive force claim, finding that a genuine issue of material fact existed as to whether Defendants Locricchio and Main were entitled to qualified immunity. (Opinion and Order, Dkt. No. 37.) Defendants appealed this Court's ruling on the issue of qualified immunity and on February 28, 2007, the Sixth Circuit issued its ruling declining to exercise jurisdiction over the fact-based qualified immunity issue. (Per Curiam Order, Dkt. No. 56.)

Following the appeal, Plaintiff retained new counsel (Dkt. No. 63) and another unsuccessful settlement conference was held on January 16, 2008. (Minute Entry 1/16/2008.) This Court then granted Plaintiff's request for an additional extension of time in which to obtain different representation, which Plaintiff never did. On July 9, 2008, this Court removed the case as a pending matter, administratively removing the matter from the Court's docket until such time as Plaintiff was released from prison and notified the Court of his new address. (Dkt. No. 86.)

On November 28, 2008, Defendants filed a Motion to Reinstate and Dismiss, seeking a final order of dismissal of the case based on the fact that Plaintiff was released from prison on August 8, 2008, and had failed to notify the Court of his new address or otherwise prosecute the action. (Dkt. No. 87.) Plaintiff responded to Defendants' motion with a one-page handwritten submission indicating that he was out of prison and looking for an attorney and stating that he would notify the Court when he was ready to proceed with his case. (Dkt. No. 88.) Defendants filed a reply, requesting a dismissal without prejudice, which would give the Plaintiff the opportunity to continue to try to obtain counsel while at the same time permitting the statute of limitations to run in the interim, in fairness to the Defendants' rights to obtain some finality in the matter, which at that point

2

had been pending for over four years. (Dkt. No. 89.) On December 10, 2008, this Court granted Defendants' motion to reinstate, and dismissed the case without prejudice, permitting re-opening of the case at such time as Plaintiff retained counsel and wished to proceed against the Defendants. (Dkt. No. 90.)

With the filing of the Court's December 10, 2008 dismissal without prejudice, the statute of limitations re-commenced on Plaintiff's claims against Defendants for the allegations contained in his January 16, 2004 Complaint. It is clear in this circuit that "dismissals without prejudice operate to leave the parties as if no action had ever been commenced. . . . If the period of limitations has run by the point of such dismissal, any new action is generally untimely." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987).

In *Wilson*, plaintiff filed her timely Title VII claim 87 days after receiving her EEOC right-to-sue letter, with 3 days to spare on her 90-day time period in which to file her Title VII claim. *Id.* at 27. Plaintiff failed to effect proper service of process on defendant for approximately eight months and, on July 16, 1985, the court dismissed her case without prejudice. She never appealed the dismissal without prejudice but re-filed an identical complaint on October 9, 1985, eighty-five days after the dismissal and over fifteen months after receiving her right-to-sue letter from the EEOC. The district court dismissed the second complaint because it was filed more than ninety days after receipt of her right-to-sue letter. *Id.* Plaintiff appealed, arguing that the ninety-day filing period was tolled when she filed her original complaint and that she should have been given another ninety-days after the dismissal without prejudice, or at least another three days (the time remaining on her original ninety-day period) after that dismissal, within which to re-file her Title VII claim. *Id.* The Sixth Circuit rejected both propositions, based on the underlying premise that dismissals without

3

prejudice do not operate to toll the statute of limitations:

> It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.

*Wilson*, 815 F.2d at 27. Nor was the court inclined to apply the doctrine of equitable tolling, based on plaintiff's failure to act diligently in preserving her claim:

> Unlike the cases where some equitable tolling has been held to apply the plaintiff cannot claim that either the court or the defendant were responsible for the long delays in the ultimate filing of this action. The delay must be placed on the party responsible for the commencement of the action, which is the plaintiff.

*Id.* at 29. *See also Rice v. Jefferson Pilot Financial Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009) (noting that the Sixth Circuit has consistently held "that a dismissal of a suit without prejudice usually does not toll the statute of limitations"); *Ester v. Amoco Oil Co.*, 65 F.3d 168 (6th Cir. 1995) (holding that a dismissal without prejudice does not normally toll the statute of limitations and complaints that are re-filed after the statute of limitations has run are untimely); *Mathis v. City of Detroit*, No. 06-cv-13298, 2007 WL 4219380 at * 6 (E.D. Mich. Nov. 21, 2007) (holding that actions dismissed without prejudice for failure to effect service of process do not toll the statute of limitations, and action re-instated after the running of the three year statute of limitations applicable to § 1983 claims was untimely).

In the instant case, the parties have never disputed that the events giving rise to the Complaint occurred on August 8, 2003. Plaintiff filed the original Complaint on January 16, 2004, at which time 161 days had expired on the three-year statutory period. Following Plaintiff's release from prison and failure to move forward with his claims, the case was dismissed on December 10, 2008, without prejudice, leaving Plaintiff 934 days, or until July 2, 2011, to re-file his complaint in a timely

4

manner. July 2, 2011 fell on a Saturday, and Monday, July 4, 2011 was a legal holiday, marking July 5, 2011 as the final day on which Plaintiff could have timely re-filed his complaint. He did not do so and his claims are now barred by the applicable statute of limitations. Nor can Plaintiff claim any right to equitable relief on these facts. He was granted several leniencies by the Court and given multiple opportunities to obtain counsel and prosecute his case prior to the dismissal without prejudice. He was also expressly informed, by Defendants' motion to reinstate and dismiss without prejudice, that the very purpose of the requested dismissal without prejudice was to permit the statute of limitations to begin to run again, to prevent the matter from continuing on indefinitely to the great prejudice of the Defendants: "[I]t is respectfully requested that this Court dismiss the case without prejudice, thereby allowing Plaintiff to re-file once he has secured counsel and allow the statute of limitations to continue to proceed during the interim . . . so as to prevent this matter from continuing on indefinitely with a concomitant indefinite tolling of the statute of limitations." (Dkt. No. 90, Defs.' Reply Br. 2.)[1]

Accordingly, the Court GRANTS Defendants' Motion to Amend Dismissal Without Prejudice to Be As With Prejudice (Dkt. No. 99) and DISMISSES this action with prejudice.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 8-29-11

---

[1] The Court notes that Plaintiff's January 25, 2010 "Petition," chronicling events unrelated to the subject matter of the instant Complaint, which this Court struck in its February 18, 2010 Order, does nothing to change the analysis. That "Petition" did nothing to properly invoke the jurisdiction of this Court.

5